UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRELL BERRY, ET AL.**                    **CIVIL ACTION**

**VERSUS**                        **NO. 22-889-JWD-RLB**

**WELLS FARGO BANK, N.A., ET AL.**

### ORDER

Before the Court is Plaintiffs' Motion for Extension of Time Until Motion for Remand is Ruled Upon ("Motion for Extension") (R. Doc. 55) and Plaintiffs' Motion to Vacate Referral to and Orders Signed by USMJ ("Motion to Vacate Referral") (R. Doc. 56).

**I.**      **Background**

The defendant Specialized Loan Serving, LLC ("SLS") removed this action on November 14, 2022. (R. Doc. 1). The defendants Candace A. Courteau ("Courteau"), Dean Morris, LLC ("Dean Morris"), Wells Fargo Bank, N.A. ("Wells Fargo"), Caliber Home Loans, Inc. ("Caliber Home Loans"), Fay Servicing, LLC ("Fay Servicing"), U.S. Bank Trust National Association Solely as Trustee for LSF10 Master Participation Trust ("U.S. Bank"), and LSF10 Mortgage Holdings, LLC ("LSF10") have all joined in and consented to removal pursuant to 28 U.S.C. § 1446(b)(2). (R. Docs. 2, 3, 16, 20, 28, 35, 38). The Notice of Removal, which alleges that this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332(a)(1), asserts that the non-diverse defendants Dean Morris and Courteau were improperly joined as defendants to defeat complete diversity. (R. Doc. 1 at 4-8).

SLS asserts that this action is an attempt by Plaintiffs to "rehash their alleged improper mortgage assignment claim" in a previous state court action removed on October 5, 2018. (R. Doc. 1 at 1-5). In that action, Plaintiffs alleged claims for lack of standing/wrongful foreclosure;

unconscionable contract; breach of contract; breach of fiduciary duty; quiet title; slander of title; injunctive relief; and declaratory relief arising from the execution of a promissory note for a home in Baton Rouge, Louisiana, in 2005, secured by a mortgage in the amount of $184,000. *See Berry, et al. v. LoanCity, et al.*, No. 18-888-JWD-SDJ (M.D. La.). The Fifth Circuit affirmed the district judge's dismissal of that action. *See Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969 (5th Cir. Mar. 10, 2022).

On October 7, 2022, Plaintiffs initiated this action in state court, which contests the named Defendants' right to foreclose on the same property at issue in the previously removed action because they have no legal interest in the underlying Mortgage or Note. (*See generally* R. Doc. 48-1). Plaintiffs now allege claims for lack of standing/wrongful foreclosure, breach of fiduciary duty, quiet title, unconscionability of contract, injunctive relief, declaratory judgment, unfair and deceptive practices in unauthorized collections, abandoned executory process claims, unfair and deceptive consumer practices with respect to loan servicing, and fraud. In removing the action, SLS asserts that these claims are barred by *res judicata* and judicial and collateral estoppel, further noting that SLS no longer services Plaintiffs' mortgage. (R. Doc. 1 at 3-4).

On December 7, 2022, Plaintiffs filed a Motion for Remand, which seeks remand because SLS failed to include with its Notice of Removal "a copy of all process, pleadings, and orders" served on SLS as required under 28 U.S.C. § 1446(a); the addition of the non-diverse defendants Dean Morris and Courteau destroys complete diversity; the *Rooker-Feldman* doctrine[1] precludes

---

[1] "*Rooker-Feldman* bars a federal district court from modifying or reversing a state court judgment." *Berry*, 2022 WL 728969, at *3 (citing *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004)). "The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

removal, and not all defendants have joined in or consented to removal. (R. Doc. 32). In opposition, SLS argues that its failure to include any state court records with the Notice of Removal was a curable "de minimis procedural oversight";[2] Dean Morris and Courteau were improperly joined as defendants to destroy complete diversity; the *Rooker-Feldman* doctrine is inapplicable because there was no foreclosure on the underlying property; and all necessary defendants have consented to removal. (R. Doc. 49). Wells Fargo, Caliber Home Loans, Fay Servicing, LSF10, and US Bank join this opposition. (R. Doc. 50, 54).

Four motions seeking dismissal are pending before the Court: Dean Morris and Courteau's Motion to Dismiss (R. Doc. 13); Well Fargo's Motion to Dismiss (R. Doc. 40); Caliber Home Loans, Fay Servicing, LSF10, and US Bank's Motion to Dismiss or, in in the alternative, Motion for More Definite Statement (R. Doc. 42); and SLS's Motion to Dismiss (R. Doc. 46).

## II.     Law and Analysis

### A.     Plaintiffs' Motion for Extension (R. Doc. 55)

Plaintiffs seeks a stay of their deadline to respond to the pending Motions to Dismiss (as well as other filings) until 30 days after a ruling is issued on the pending Motion to Remand. (R. Doc. 55).[3] The Court has already granted Plaintiffs an extension of their deadline to oppose Dean Morris and Courteau's Motion to Dismiss. (*See* R. Doc. 38).

A party must file an opposition to a motion within twenty-one (21) days after service of a motion, unless the Court orders a shorter or longer period of time upon a showing of good cause.

---

[2] The Notice of Removal did not include any state court filings, including the underlying pleadings. SLS filed the entire state court record on the day it opposed the Motion to Remand, December 27, 2022 (R. Doc. 48).

[3] The Court has resolved several of the motions and filings referenced in Plaintiffs' Motion for Extension. (*See* R. Doc. 52, 53). Some of the filings referenced by Plaintiffs – including exhibit lists and state court pleadings – do not require any response. The only filings requiring a response by Plaintiffs are the pending Motions to Dismiss. (R. Docs. 13, 40, 42, 46).

3

LR7(f); Fed. R. Civ. P. 6(b).[4] "The permissive language of Rule 6(b) shows that any grant of an extension of time for when an act must be done falls to the district court's discretion." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (citing *Geiserman v. MacDonald,* 893 F.2d 787, 793 (5th Cir. 1990)).

Having considered the record, the Court will grant, in part, Plaintiffs' Motion for Extension by setting a single deadline to oppose the four pending Motions to Dismiss. The Court does not, however, find good cause to extend the deadline for Plaintiffs to respond to these motions until after the resolution of Plaintiffs' Motion to Remand. If the Court should deny the Motion to Remand, it would be in the interest of judicial economy and avoidance of unnecessary delay to have the pending dispositive motions fully briefed. *See SL Pathology Leasing of Texas LLC v. Miraca Life Scis., Inc.*, No. 14-3724, 2015 WL 672264, at *1 (S.D. Tex. Feb. 17, 2015). Furthermore, given the nature of Plaintiffs' claims, Plaintiffs' previous lawsuit, and the issues raised by the Motion for Remand, the Court finds it appropriate to have all pending motions fully briefed prior to the resolution of the Motion for Remand. This will assist the Court in addressing the issues raised by the Motion for Remand, including whether Dean Morris and Courteau are improperly joined and whether remand is appropriate in light of the *Rooker-Feldman* doctrine. *See id*. at *2.

To allow Plaintiffs, who are proceeding without counsel, additional time to file their oppositions, the Court finds good cause under Local Rule 7(f) and Federal Rule 6(b) to extend Plaintiffs' deadline to respond to the pending Motions to Dismiss (R. Docs. 13, 40, 42, 46) to **February 6, 2023.** No further extensions will be provided absent a specific finding of good

---

[4] An additional 3 days is provided where service is made by mail. *See* Fed. R. Civ. P. 6(d).

4

cause. Plaintiffs may also seek leave to file a reply memorandum in support of their Motion for Remand as allowed under Local Rule 7(f).

### B.    Plaintiffs' Motion to Vacate Referral (R. Doc. 56)

Plaintiffs also assert that they have not consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c)(1) as reflected in the record. (R. Doc. 56; *see* R. Doc. 47). Plaintiffs seek an order vacating the "referral" of this action to the undersigned pursuant to Rule 73(b)(3) of the Federal Rules of Civil Procedure.

To be clear, the parties are not proceeding before the undersigned in a consent action under 28 U.S.C. § 636(c)(1) and Rule 73. The district judge has "referred" the pending Motions to Dismiss (R. Docs. 13, 40, 42, 46) and Motion for Remand (R. Doc. 32) to the undersigned for the issuance of proposed findings of fact and recommendations for their dispositions, as allowed under 28 U.S.C. § 636(b)(1)(B). After these motions are fully briefed, the undersigned will issue Report(s) and Recommendation(s) pertaining to these dispositive motions, the parties will have 14 days after being served with the Report(s) and Recommendation(s) to file any objections, and the district judge will accept, reject, or modify the recommended dispositions by issuing appropriate rulings. *See* under 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The undersigned cannot issue a ruling on any dispositive motions in this action absent the consent of all parties.

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Extension (R. Doc. 55) is **GRANTED IN PART and DENIED IN PART**. Plaintiffs' deadline to respond to the pending Motions to Dismiss (R. Docs. 13, 40, 42, 46) is extended to **February 6, 2023.** No further extensions will be provided. Failure to respond to any of the pending Motions to Dismiss (R. Docs. 13, 40, 42, 46)

5

will result in the Motion to Dismiss being deemed **<u>unopposed</u>**. Defendants may file reply memoranda in support of their Motions to Dismiss within the time allowed by Local Rule 7(f).

     **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Vacate Referral (R. Doc. 56) is **DENIED**.

     Signed in Baton Rouge, Louisiana, on January 9, 2023.

                                    **RICHARD L. BOURGEOIS, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**