UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL BERRY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-889-JWD-RLB** |
| **WELLS FARGO BANK, N.A., ET AL.** | |

**ORDER**

Before the Court is Plaintiffs' "Motion for Oral Argument and Hearing Regarding Opposition and Clarity for Doc 58 Order on Motion to Remand Doc 32, 37 and Motion to Vacate Referral to USMJ Doc 56." (R. Doc. 59).

Plaintiffs are proceeding *pro se* in this action. There are five dispositive motions pending: the Defendants' four Motions to Dismiss (R. Docs. 13, 40, 42, 46) and Plaintiffs' Motion for Remand (R. Doc. 32). Each of these motions have been referred to the undersigned for the issuance of Report(s) and Recommendation(s). *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *see also* General Order No. 2020-4 (M.D. La. Feb. 28, 2020) ("All non-inmate pro se cases shall, under this order of the court, automatically be referred to a United States magistrate judge. . . . All non-dispositive motions shall be decided by the magistrate judge. . . . The magistrate judge shall issue a written report and recommendation to the district judge on all dispositive motions, except in those matters where the parties have consented to trial before the magistrate judge.").

Plaintiffs filed a Motion for Extension of Time Until Motion for Remand is Ruled Upon ("Motion for Extension"), which sought a stay of Plaintiffs' deadline to oppose the Defendants' Motions to Dismiss until after resolution of Plaintiffs' Motion to Remand. (R. Doc. 55). Plaintiffs also filed a Motion to Vacate Referral to and Orders Signed by USMJ ("Motion to

Vacate Referral"), which sought an order vacating all referrals of motions to the undersigned because Plaintiffs did not "consent" to those referrals. (R. Doc. 56).

On January 9, 2023, the undersigned issued an Order addressing Plaintiffs' Motion for Extension and Motion to Vacate Referral. (R. Doc. 58). The undersigned granted in part and denied in part the Motion for Extension, finding good cause under Local Rule 7(f) and Federal Rule 6(b) to extend Plaintiffs' deadline to respond to the pending Motions to Dismiss to February 6, 2023. The undersigned denied Plaintiffs' Motion to Vacate Referral given that the parties are not proceeding before the undersigned in a consent action under 28 U.S.C. § 636(c)(1) and Rule 73.

Plaintiffs are now seeking a hearing on, and reconsideration of, the foregoing January 9, 2023 Order. (R. Doc. 59).[1] The undersigned finds no error in the reasoning set forth in the Order. Accordingly, any relief sought from the undersigned with respect to the Order is denied.

It appears, however, that Plaintiffs are continuing to challenge any decision-making in this action by the undersigned regardless of whether the underlying motion involves a dispositive or non-dispositive matter. Furthermore, the instant motion is perhaps best interpreted as an attempt to object to the January 9, 2023 Order pursuant to Rule 72(a), which provides the following:

> **(a) Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[1] The motion also appears to raise additional arguments with respect to Plaintiffs' Motion to Remand. Plaintiff is advised that any further briefing on the Motion to Remand will not be considered without leave of court. *See* LR 7(f).

Fed. R. Civ. P. 72(a). Accordingly, to the extent Plaintiffs are seeking relief directly from the district judge, the undersigned will direct the Clerk's Office to designate the instant motion as a Rule 72(a) Objection to the undersigned's January 9, 2023 Order (R. Doc. 58) for consideration by the district judge.

Plaintiffs are instructed that any further and timely objections to the undersigned's non-dispositive rulings must reference Rule 72(a) of the Federal Rules of Civil Procedure.

Based on the foregoing,

**IT IS ORDERED** that to the extent the instant Motion seeks reconsideration of the undersigned's January 9, 2023 Order (R. Doc. 58) by the undersigned, including the holding of any hearings, that relief is **DENIED**. The Clerk's Office shall un-refer the instant motion and designate it as a Rule 72(a) Objection to the undersigned's January 9, 2023 Order (R. Doc. 58) for consideration by the district judge.

Signed in Baton Rouge, Louisiana, on January 20, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**